FILED

JUN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHENG MEI XU; FANGQING WANG, | No. 10-73238 |
| Petitioners, | Agency Nos. A098-471-796 |
| v. | A078-113-173 |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2014[**]
San Francisco, California

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

Petitioners Cheng Xu and Fangqing Wang, natives and citizens of China,

petition for review of the agency's denial of asylum, withholding of removal, and

protection under the Convention Against Torture. We have jurisdiction pursuant to

8 U.S.C. § 1252 and deny the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Factual findings, including adverse credibility determinations, are reviewed for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). Under the substantial evidence standard, we must uphold the agency's findings unless the evidence compels a contrary result. *Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013).

The record does not compel the conclusion that Xu was a credible witness. The IJ discussed the relevant factors of consistency, demeanor, plausibility, and responsiveness, and gave reasons and examples to support each of the factors. For example, although Xu testified that the abortion occurred on October 27, 1989, the documentary evidence indicates that the abortion occurred on July 10, 1989. Similarly, although Xu testified that she has been pregnant three times and has had one abortion, the documentary evidence indicates that she has been pregnant four times and has had two abortions. The IJ considered Xu's explanations for these inconsistencies, but he was not required to accept them. *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010). We hold that the adverse credibility determination and denial of asylum are supported by substantial evidence. Because Xu did not satisfy the lower standard for proof of asylum, she necessarily did not satisfy the more stringent standard of proof for withholding of removal. *Id.* at

1125. Finally, no other evidence compels the conclusion that Xu more likely than not will be tortured if returned to China. *Shrestha*, 590 F.3d at 1048–49.

**DENIED.**